# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 23, 2022

Lyle W. Cayce
Clerk

No. 20-60756
Summary Calendar

Marsi Rubi Pavon-Polanco; Olban Said Banegas-Pavon,

*Petitioners*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A208 976 008
BIA No. A208 976 009

Before Barksdale, Willett, and Duncan, *Circuit Judges*.

Per Curiam:*

On behalf of herself and her minor child, Marsi Rubi Pavon-Polanco, a native and citizen of Honduras, petitions for review of the Board of Immigration Appeals' (BIA) dismissing her appeal from the denial of her

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60756

application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Pavon contends: she showed both past persecution, and a reasonable fear of future persecution, by police or gangsters due to her membership in a proposed social group (PSG), consisting of family members of her brother, who was kidnapped and murdered; the BIA improperly analyzed her withholding-of-removal claim; and she showed it is more likely than not that she will be tortured if repatriated.

In reviewing the BIA's decision, our court considers the Immigration Judge's decision only to the extent it influenced the BIA. *E.g.*, *Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018). Findings of fact, including the denial of asylum, withholding of removal, and CAT protection, are reviewed for substantial evidence. *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). Under that standard, our court may not overturn a factual finding unless "the evidence compels a contrary result". *Martinez-Lopez v. Barr*, 943 F.3d 766, 769 (5th Cir. 2019) (per curiam).

The record does not compel a conclusion contrary to that of the BIA on whether Pavon showed the requisite nexus between her proposed PSG membership and the alleged persecution. *See Zhang*, 432 F.3d at 344 (explaining "[a]sylum is discretionary and may be granted to 'an alien who is unable or unwilling to return to his home country because of persecution or a well-founded fear of persecution on account of [*inter alia*], membership in a particular social group . . .'" (citation omitted)).

The BIA used the proper higher-burden-of-proof standard to analyze her withholding-of-removal claim. *See Revencu v. Sessions*, 895 F.3d 396, 402 (5th Cir. 2018) (explaining withholding standard).

Finally, she has not shown that the record compels a conclusion contrary to that of the BIA on whether she will more likely than not be

2

No. 20-60756

tortured if repatriated. *See Efe v. Ashcroft*, 293 F.3d 899, 907 (5th Cir. 2002) (noting "[CAT] applicant has the burden of proving [*inter alia*] 'that it is more likely than not that he or she would be tortured if removed to the proposed country of removal'" (citing 8 C.F.R. § 208.16(c)(2)); *Ramirez-Mejia v. Lynch*, 794 F.3d 485, 493–94 (5th Cir. 2015) (affirming BIA's conclusion petitioner did not qualify for CAT protection).

DENIED.